# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

DONALD E. BIBLE,                      )
                                    )
          Petitioner,        )
        v.                       )          Civil Action No. 11-499-GMS
                                      )
PHILLIP MORGAN, Warden, and          )
ATTORNEY GENERAL OF THE              )
STATE OF DELAWARE,                   )
                                    )
          Respondents.        )

---

Donald E. Bible. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for respondents.

---

## MEMORANDUM OPINION

_____ 3 _____, 2014
Wilmington, Delaware



Sleet, Chief Judge

Petitioner Donald E. Bible ("Bible") filed a petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2254 ("petition"). (D.I. 1) The State filed an answer in opposition. (D.I. 16) For

the following reasons, the court will deny the application as time-barred by the one-year

limitations period prescribed in 28 U.S.C. § 2244.

## I.   BACKGROUND

As summarized by the Delaware Supreme Court, the facts leading up to Bible's

conviction are as follows:

> In March 2005, [a Kent County] grand jury indicted Bible on 111 criminal offenses,
> including over twenty counts of Rape in the First Degree. The charges stemmed from
> sexual assaults on twin girls over a ten-year period, beginning when they were less than
> five years old. In February 2006, the State offered Bible a plea to two counts of Rape in
> the First Degree with a presentence investigation to be conducted. After further
> discussions between the prosecutor and defense counsel, the State revised its plea offer to
> one count of Rape in the First Degree, one count of Rape in the Third Degree as a lesser-
> included offense, and one count of Continuous Sexual Abuse of a Child. As part of the
> revised plea offer, the State agreed to drop the remaining criminal charges, refrain from
> requesting a presentence investigation, and recommend a total Level V sentence of thirty-
> six years, including nineteen years of minimum mandatory time.
>
> On October 2, 2006, with the assistance of counsel, Bible accepted the State's revised
> plea offer and pleaded guilty to the three charges. The Superior Court followed the
> state's recommendation on sentencing.

*Bible v. State*, 998 A.2d 850 (Table), 2010 WL 2680542, at *2-3 (Del. July 7, 2010). Bible did

not appeal his convictions.

On October 6, 2006, Bible filed a motion to amend sentence. (D.I. 18, Del. Super. Ct.

Crim. Dkt. Entry No. 27) The Superior Court granted the motion on October 31, 2006, and

modified Bible's sentence to reflect the appropriate amount of restitution due and state that

Bible's Delaware sentence was to begin upon the completion of his federal setnence. (D.I. 16,

Ex. A) Bible filed a motion to withdraw his guilty plea on December 5, 2006, and a motion for

modification of sentence on December 11, 2006. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry Nos. 32, 33) The Superior Court denied the motion for modification of sentence on December 26, 2006. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 37) Bible's motion to withdraw his guilty plea remained pending.

On October 4, 2007, Bible filed a document titled "Memorandum filed from Donald Bible to Judge Young re: following is a completed motion seeking post-conviction relief as to a plea agreement presented on October 2, 2006." (D.I. 18, App. to Appellant's Op. Br. in *Bible v. State*, No. 716, 2009, at *State v. Bible*, ID No. 0501015134, Commr's Rep. & Rec. (Del. Super. Ct. Aug. 5, 2009)) That same day, Bible filed an amended motion to withdraw his plea. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 40) On October 5, 2007, Bible filed another memorandum stating that "following is a completed motion seeking post-conviction relief as to a plea agreement presented on October 2, 2006," as well as another amended motion to withdraw his guilty plea. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry Nos. 41 & 42) On March 19, 2008, the Superior Court denied Bible's motions for sentence modification and the motion to withdraw his plea that was filed in December 2006 and amended in October 2007. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 43)

On April 24, 2008, Bible filed a letter request for forms. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 45) On May 19, 2008, Bible filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on the required form. (D.I. 18, Del. Super. Ct. Crim. Dkt. Entry No. 48) In August 2009, a Delaware Superior Court Commissioner recommended that the Rule 61 motion be denied as time-barred or, alternatively, as meritless. (D.I. 18, App. to Appellant's Op. Br. in *Bible v. State*, No. 716, 2009, at *State v. Bible*, ID No. 0501015134, Commr's Rep. & Rec. (Del. Super. Ct. Aug. 5, 2009)) On October 8,

2

2009, the Superior Court adopted the Commissioner's Recommendation and Report and denied

the Rule 61 motion. (D.I. 18, App. to Appellant's Op. Br. in *Bible v. State*, No. 716, 2009, at

*State v. Bible*, ID No. 0501015134, Order. (Del. Super. Ct. Oct. 8, 2009)) The Delaware

Supreme Court affirmed that decision on July 7, 2010. *See Bible*, 2010 WL 2680542, at *2.

Thereafter, Bible filed motions to credit his sentence on August 5, 2010, August 25,

2010, and November 23, 2010, all of which were denied by the Superior Court. (D.I. 18, Del.

Super. Ct. Crim. Dkt. Entry Nos. 97, 99, 104, 108, 109); *see also Bible v. State*, 12 A.3d 1153

(Table), 2011 WL 252903 (Del. Jan. 24, 2011). On March 15, 2011, Bible filed another motion

to credit his sentence with time served, which the Superior Court granted on May 5, 2011; as a

result, Bible's sentence was credited with five days of prior service. (D.I. 18, Del. Super. Ct.

Crim. Dkt. Entry Nos. 115, 116)

## II.   DISCUSSION

Bible's habeas petition asserts seven grounds for relief, which fall into the following two

general categories: (1) the Delaware state courts erred by (a) denying his Rule 61 motion as

untimely under the Delaware Superior Court Criminal Rules, (b) failing to provide a complete

review of the claims contained in Bible's amended Rule 61 motion, and (c) failing to order an

evidentiary hearing; and (2) defense counsel provided constitutionally ineffective assistance

prior to the entry of his guilty plea. The State filed an answer, arguing that claim one should be

dismissed because it does not present a cognizable issue on habeas review, and that claim two

and the entire petition should be dismissed as time-barred. Alternatively, the State contends that

the claims in the petition should be denied as meritless. (D.I. 16)

Turning first to claim one, the court notes that the "federal role in reviewing an

application for habeas corpus is limited to evaluating what occurred in the state or federal

proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's

**collateral** proceeding does not enter into the habeas proceeding." *See Hassine v. Zimmerman*,

160 F.3d 941, 954 (3d Cir. 1998). As such, "alleged errors in [state] collateral proceedings . . .

are not a proper basis for habeas relief." *Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2004).

In claim one, Bible's overall general complaint is that both the Superior Court and the Delaware

Supreme Court improperly applied the Delaware Superior Court Criminal Rules and erroneously

denied his Rule 61 motion as time-barred. This contention merely alleges a state law error that

occurred during a collateral proceeding. Therefore, the court will deny claim one for failing to

present an issue cognizable on federal habeas review.

In addition, for the reasons set forth below, the court will deny the entire petition as time-

barred.

### A. One Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into

law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date

must comply with AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336

(1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by

state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Bible's petition, filed in 2011, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Bible does not allege, and the court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Thus, the one-year period of limitations in this case began to run when Bible's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the one-year period begins to run, upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware Superior Court sentenced Bible on October 2, 2006, and he did not appeal. Therefore, Bible's conviction became final on November 1, 2006. *See* Del. Supr. Ct. R. 6(a)(ii)(establishing a 30 day period for timely filing a notice of appeal). Accordingly, to comply with the one-year limitations period, Bible had to file his § 2254 petition by November 1, 2007. *See Wilson v. Beard*, 426 F.3d 653 (3d Cir. 2005)(holding that former Federal Rule of Civil Procedure 6(a), (e) applies to federal habeas petitions).

Bible did not file his habeas petition until June 1, 2011,[1] approximately three and one-half years after the expiration of AEDPA's statute of limitations. Thus, the petition is time-barred, unless the limitations period can be statutorily or equitably tolled. *See Holland v.*

---

[1]Pursuant to the prisoner mailbox rule, the court adopts the date on the petition, June 1, 2011, as the filing date. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003)(the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

*Florida*, 560 U.S. 631, 645 (2010)(equitable tolling);  28 U.S.C. § 2244(d)(2)(statutory tolling).
The court will discuss each doctrine in turn.

### A.  Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls
AEDPA's limitations period during the time the application is pending in the state courts,
including any post-conviction appeals, provided that the application is filed during AEDPA's
one-year limitations period. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000).  An
application is "properly filed" for statutory tolling purposes when its delivery and acceptance is
in compliance with the state's applicable laws and rules governing filings, such as the form of
the document, the location of the filing and any time limits upon its delivery, and the requisite
filing fee. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  A state post-conviction petition rejected by the
state court as untimely is not "properly filed" within the meaning of § 2244(d)(2).  *See Pace v.
DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).  Finally, AEDPA's limitations period is not tolled
during the ninety-days a petitioner has to file a petition for a writ of certiorari in the United
States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes
v. Dist. Attorney of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, Bible filed a motion to withdraw his guilty plea on December 5, 2006.  The
Superior Court denied the motion to withdraw the guilty plea on March 19, 2008, and Bible did
not appeal that decision.  As such, Bible's motion to withdraw his guilty plea tolled the
limitations period from December 5, 2006 through April 18, 2008, the date on which the thirty-
day appeal period expired.[2]

---

[2]The court acknowledges that Bible filed other state post-conviction motions between December
5, 2006 and March 19, 2008.  However, any statutory tolling triggered by those other motions

6

When Bible filed the motion to withdraw his guilty plea on December 5, 2006, thirty-three days of AEDPA's limitations period had already expired. The limitations clock started to run again on April 19, 2008, and ran the remaining 332 days without interruption until the limitations period expired on March 19, 2009.[3] In sum, the statutory tolling triggered by Bible's motion to withdraw his guilty plea does not render the instant petition timely filed. Accordingly, the petition must be dismissed as time-barred, unless equitable tolling applies.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, **and** (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 648-49 (emphasis added). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has explained that equitable tolling of AEDPA's limitations period may be appropriate in the following circumstances:

---

overlaps with, and is wholly included in, the tolling triggered by Bible's December 2006 motion to withdraw his guilty plea, because those motions were decided prior to or on March 19, 2008. Thus, the court will not individually discuss the duplicative statutory tolling effectuated by the other motions filed during this same time period.

[3] The Rule 61 motion that Bible filed on May 19, 2008 did not statutorily toll the limitations period because the Delaware state courts denied it as time-barred, meaning that it was not properly filed for § 2244(d) purposes. The fact that the Delaware state courts alternatively denied the May 2008 Rule 61 motion as meritless does not preclude this court from relying on the Delaware state courts' dismissal of the Rule 61 motion as time-barred. *See Johnson v. Pinchak*, 392 F.3d 551, 558 (3d Cir. 2004). In addition, none of the motions for sentence credit and/or Rule 35(b) motions that Bible filed in 2010 have any statutory tolling effect, because they were filed after the expiration of AEDPA's limitations period.

(1) where the defendant (or the court) actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones,* 195 F.3d at 159; *Thomas v. Snyder,* 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

Bible alleges that the limitations period should be equitably tolled because the Superior Court did not timely respond to his first request for post-conviction relief that he filed in October 2007. Relatedly, he asserts that the Delaware courts erroneously denied his May 2008 Rule 61 motion as time-barred because they should have treated the memorandum he filed on October 4, 2007 as the relevant document for determining the timeliness of his Rule 61 motion. Neither contention justifies equitable tolling. "Of necessity, every federal habeas petitioner who has exhausted his state post-conviction remedies must argue that the state court erred in denying him post-conviction relief. To grant equitable tolling on such grounds, absent a direct causal relationship between the state court's error on post-conviction review and the petitioner's inability to file a timely federal habeas petition, would be to eviscerate AEDPA's timeliness requirement." *Green v. Klopotoski,* 2009 WL 4582019, at *9 (E.D. Pa. Dec. 3, 2009). In this case, Bible learned on April 22, 2008 that the Superior Court was not going to review the post-conviction request he filed on October 4, 2007 because it was not presented on the required form for Rule 61 motions. (D.I. 18, *Bible v. State,* No.716,2008, App. to State's Ans. Br. at B-31) Considering that the statutory tolling triggered by Bible's motion to withdraw his guilty plea had just ended on April 19, 2008, Bible still had more than 300 days to file a timely federal habeas petition when he learned that the Superior Court was not going to treat the memorandum he filed in October 2007 as a true Rule 61 motion. Bible, however, does not explain how the Superior Court's six month "delay" in informing him that it was not going to treat his non-conforming

8

October 2007 filing as a Rule 61 motion actually prevented him from filing a **federal** habeas petition during that remaining 300 day period. Even if Bible believed he needed to exhaust state remedies by pursuing Rule 61 relief before filing the instant petition, that belief was mistaken and cannot serve as a basis for equitable tolling; Bible could have filed a "protective petition" at the same time he filed his Rule 61 motion in the Superior Court. *See Pace*, 544 U.S. at 416 (rejecting equitable tolling where AEDPA's limitations period expired while petitioner was pursuing state remedies on a petition that the state courts determined to be untimely); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Additionally, nothing in the record indicates that Bible checked on the status of his October 2007 filing while it was pending. For all of these reasons, the court is not persuaded that the Superior Court's "delay" in contacting Bible about his non-conforming Rule 61 request and/or the Superior Court's alleged error in denying his May 2008 Rule 61 motion as time-barred justify equitable tolling.

Bible also appears to contend that the limitations period should be equitably tolled because he was in federal custody outside the state of Delaware until 2010. Bible asserts that he suffered a hardship as result of his out-of-state custody, because he did not have access to Delaware's rules and laws. This argument is unavailing. As an initial matter, the fact that Bible was incarcerated in another state does not, on its own, constitute an extraordinary circumstance. *See Downes v. Carroll*, 348 F. Supp. 2d 296, 303 (D. Del. 2004). Notably, Bible does not allege that he was denied access to his own Delaware case materials, or that he asked for, and was

denied, Delaware court rules and caselaw. Bible also does not explain how his incarceration in another state actually prevented him from filing a basic **federal** habeas petition regarding his Delaware convictions. Given these circumstances, the court concludes that Bible has failed to demonstrate that his out-of-state incarceration left him without a "viable channel for having any of his claims addressed on the merits." *Urcinoli v. Cathel*, 546 F.3d 269, 276 (2008). Stated another way, the court cannot conclude that Bible's federal custody in another state "in some extraordinary way" prevented him from timely filing a habeas petition concerning his Delaware conviction and sentence.

And lastly, to the extent Bible's untimely habeas petition was the result of a miscalculation regarding the one-year filing period, such mistakes do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to Bible on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[6]

## III.    MOTIONS

During the pendency of this proceeding, Bible filed a "motion to enter new information and expand the record" (D.I. 39) and a "motion to enter exhibit." (D.I. 41) Through these motions, Bible requests permission to introduce into evidence a mental health treatment plan he contends diagnoses him as autistic. Bible believes that this diagnosis provides additional support

---

[6]The court's conclusion that the instant petition is time-barred obviates the need to discuss the State's alternate reason for denying the petition.

for the claims asserted in his petition. Notably, Bible explicitly states that his "autism is not a recent phenomenon," and "his family has a history of autism." (D.I. 41 at 3)

The court will grant the motions to expand the record to include the aforementioned information. Nevertheless, the information contained in the mental health treatment plan does not alter the court's conclusion that claim one fails to assert an issue cognizable on federal habeas review and that the entire petition is time-barred.

## IV.    CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Bible's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons discussed, the court will deny as time-barred Bible's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. An appropriate order will be entered.