IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD E. BIBLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 11-499-GMS |
| | ) | |
| PHILLIP MORGAN, Warden, and | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM

**I.  INTRODUCTION**

In October 2006, petitioner Donald E. Bible ("Bible") pled guilty to first degree rape, third degree rape (as a lesser included offense of first degree rape), and continuous sexual abuse of a child. *See Bible v. State*, 105 A.3d 988 (Table), 2014 WL 7010822, at *1 (Del.), *rearg't denied*, (Del. Dec. 16, 2014). These convictions stemmed from Bible's sexual abuse of the twin granddaughters of his friend and roommate. *Id.* The Delaware Superior Court sentenced him to thirty-six years of incarceration at Level V. *Id.* Bible did not appeal his convictions or sentence.

Bible filed a federal habeas petition challenging his 2006 convictions, which the court denied as time-barred on June 3, 2014. (D.I. 46; D.I. 47) Bible filed a notice of appeal on December 29, 2014. (D.I. 50) The Third Circuit Court of Appeals sent a letter to Bible stating that it may lack appellate jurisdiction over the appeal because the notice of appeal was not filed within the time prescribed by the Federal Rules of Appellate Procedure. *See Bible v. State*, Case No. 15-1021, Letter (3d Cir. Jan. 6, 2015). On January 28, 2015, Bible filed in this court a

combined motion for an extension of time to file a notice appeal and a Rule 60(b) motion for reconsideration. (D.I. 52)

In February 2015, Bible filed a second motion for an extension of time to file a notice appeal, this time combined with a motion for an extension of time to file a petition for writ of mandamus regarding a December 2014 decision rendered by the Delaware Supreme Court. (D.I. 55) Finally, on March 16, 2015, Bible filed a motion for clarification regarding his two motions for an extension of time to file a notice of appeal. (D.I. 56)

## II. MOTIONS FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Pursuant to Federal Rule of Appellate Procedure 4(a)(5)(A), the court may grant Bible's motion for an extension of time to file a notice of appeal only if it was filed no later than thirty days after the expiration of the time originally prescribed by Rule 4(a)(1), **and** he shows either excusable neglect or good cause. *See* Fed. R. App. P. 4(a)(5)(A)(emphasis added). In this case, because the court's memorandum opinion and order denying Bible's § 2254 petition was entered on June 3, 2014, Fed. R. App. P. 4(a)(1)'s thirty-day period for filing a notice of appeal ended on July 3, 2014. In turn, Fed. R. App. P. 4(a)(5)(A)'s thirty-day grace period for filing a motion for an extension of time to file a notice of appeal ended on August 4, 2014.[1] Bible's first motion for an extension of time to file a notice of appeal was filed January 28, 2105,[2] which was well past

---

[1]The thirty-day grace period for filing an extension request actually ended on August 3, 2014, which was a Sunday. Therefore, the filing period extended through the end of the next business day, which was Monday, August 4, 2014. *See* Fed. R. Civ. P. 6(a)(3).

[2]Pursuant to the prison mailbox rule, the court accepts the postmark date – January 28, 2015 – as the date of filing, rather than the date indicated on the Clerk's office time-stamp – January 30, 2015. *See* Fed. R. App. P. 4(c).

2

the August 4, 2014 deadline.³ Because Bible filed his motion for an extension of time to file the appeal in an untimely manner, the court need not determine whether he has demonstrated excusable neglect or good cause for filing an untimely notice of appeal. *See* Fed. R. App. P. 4(a)(5)(A)(ii); *In re Diet Drugs Product Liability Litigation*, 401 F.3d 143, 153-54 (3d Cir. 2005).

Regardless, the court rejects as specious Bible's argument that the Rule 61 motion he filed in the Delaware Superior Court on July 7, 2014 should be viewed as a timely notice of appeal that was merely filed in the incorrect court. It is well-settled that ignorance of the law is never an excuse for a pro se litigant's failure to comply legal requirements. *See United States v. Johnson*, 544 U.S. 295, 311 (2005)("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear police calls for promptness."); *Lee v. Thompson*, 163 F. App'x 142, 144 (3d Cir. 2006)("ignorance of the law or failure to seek legal advice will not excuse failure to meet deadlines."). Petitioner's mistaken and/or disingenuous assertion that filing a Rule 61 motion in the Delaware Superior Court somehow amounted to a "notice of appeal" to the Delaware Superior Court and/or to this court does not transform an explicit Rule 61 motion into a notice of appeal regarding the denial of his federal habeas petition. The court also rejects Bible's contention that the Delaware Superior Court "had a responsibility to deny review" of his Rule 61 motion if his entry of such a motion was not the "proper appellate response to the denial of [federal] habeas relief." (D.I. 52 at 4

---

³Additionally, even if the court were to liberally construe the untimely notice of appeal that Bible filed in this court on December 26, 2014 as a motion for an extension of time to file a notice of appeal, the court cannot grant an extension because this request was also filed well-after the August 4, 2014 deadline.

3

Based on the foregoing, the court will deny as untimely Bible's first motion for an extension of time to file a notice appeal. (D.I. 52) In addition, the court will deny Bible's second motion for an extension of time to file a notice of appeal (filed in February 2015) as both untimely and moot. (D.I. 55).

### III. MOTION FOR RECONSIDERATION FILED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)

A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) motions are addressed to the sound discretion of the trial court, and are guided by accepted legal principles applied in light of all relevant circumstances. *See Pierce Ass'n., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Additionally, when, as here, a district court is presented with a motion to reconsider after it has denied the petitioner's federal habeas petition, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit,

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the appropriate

court of appeals and, absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

In his pending Rule 60(b) motion, Bible asks the court review and reconsider the Delaware Supreme Court's Order dated December 16, 2014, wherein the Delaware Supreme Court denied Bible's motion for reargument with respect to its December 3, 2014 decision affirming the Superior Court's denial of his second Rule 61 motion. (D.I. 52 at 5-6) Rule 60(b) of the Federal Rules of Civil Procedure does not apply to state court judgments, only federal court judgments. Therefore, the court will deny the Rule 60(b) motion for lack of jurisdiction.

Alternatively, to the extent the Rule 60(b) motion should be construed as a new request for habeas relief, the court also denies the motion for lack of jurisdiction, because it constitutes an unauthorized second or successive habeas petition under 28 U.S.C. § 2244.

## IV. MOTION FOR AN EXTENSION OF TIME TO FILE A PETITION FOR WRIT OF MANDAMUS

To the extent Bible's second motion for an extension of time to file a notice appeal also requests an extension of time to file a petition for writ of mandamus, the court will deny the motion as moot. (D.I.55) Bible actually filed a document titled "petition for writ of mandamus" on March 30, 2015. *See Bible v. State,* Civ. A. No. 15-285-UNA, D.I. 3 (D. Del. Mar. 30, 2015).

## V. CONCLUSION

For the aforementioned reasons, the court will deny Bible's two motions for an extension of time to file a notice appeal, his Rule 60(b) motion, and his motion for an extension of time to file a petition for writ of mandamus. Having denied these motions, the court will deny as moot

5

Bible's motion for clarification regarding his two motions for an extension of time to file a notice of appeal. (D.I. 56) Finally, with respect to the Rule 60(b) motion, the court will not issue a certificate of appealability, because Bible has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2 (2011). A separate order will be entered.

April 2, 2015
DATE

UNITED STATES DISTRICT JUDGE